IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BRUCE A. GRANILLO,

        Petitioner,

v.                                                                               2:23-cv-00194-JCH-JMR

GEORGE STEPHENSON and
THE ATTORNEY GENERAL
OF THE STATE OF NEW MEXICO,

        Respondents.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER comes before the Court *sua sponte*. On October 3, 2024, this Court issued an Order to Show Cause as to why Mr. Granillo's *pro se* Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus (Doc. 1) should not be dismissed because it is moot. Doc. 17. Mr. Granillo's response was due November 4, 2024. He did not file one.[1] The Honorable Senior District Judge Judith C. Herrera referred the case to me pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (b)(3) to conduct hearings, if warranted, and to perform any legal analysis required to recommend to the Court an ultimate disposition of this case. Doc. 13. Having reviewed the relevant law, I recommend the Court dismiss Mr. Granillo's petition as moot.

Article III, § 2, of the United States Constitution requires that a "case or controversy" continue "through all stages of federal judicial proceedings, trial and appellate." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). When a § 2254 petitioner is incarcerated or on parole, the case-or-controversy requirement is always satisfied, "because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and

---

[1] Mr. Granillo also did not file a reply to the State's response to his § 2254 petition (Doc. 14), nor did he file a response to the State's Motion to Dismiss (Doc. 18).

redressable by invalidation of the conviction." *Id.* However, after the petitioner's sentence has been completed or he has been released from parole, "some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction—must exist if the suit is to be maintained." *Id.* at 8. "[I]t is an obvious fact of life that most criminal convictions do in fact entail adverse collateral legal consequences." *Spencer v. Kemna*, 523 U.S. 1, 12 (1998) (quotation omitted). Still, standing "cannot be inferred argumentatively from averments in the pleadings, but rather must affirmatively appear in the record." *Id.* at 10–11 (quotations omitted). The petitioner bears the "burden of demonstrating the existence of sufficient collateral consequences to save the action from mootness." *United States v. Hernandez-Baide*, 146 F. App'x 302, 304 (10th Cir. 2005) (unpublished). Otherwise, the § 2254 petition is moot upon the petitioner's release from custody. *Kirby v. Janecka*, 379 F. App'x 781, 783 (10th Cir. 2010) (unpublished).

On September 11, 2018, a jury in the Sixth Judicial District of the State of New Mexico found Mr. Granillo guilty of breaking and entering and conspiracy to commit breaking and entering. Doc. 14-1 at 10–12 (Exhs. C–E). Mr. Granillo was sentenced to a total term of imprisonment of eight years with an additional three-year suspended sentence and two years on parole. Doc. 14-1 at 16 (Exh. G). Recently, Mr. Granillo was successfully discharged from parole. *See* Bruce A. Granillo, NMCD OFFENDER SEARCH, https://www.cd.nm.gov/offender-search/ (last visited Nov. 15, 2024). The Court is not aware of any collateral consequence Mr. Granillo is facing because of his conviction for breaking and entering and conspiracy to commit the same.

Mr. Granillo bears the "burden of demonstrating the existence of sufficient collateral consequences to save the action from mootness." *See Hernandez-Baide*, 146 F. App'x at 304. By

failing to respond to the Court's order to show cause, Mr. Granillo did not meet that burden. Without Mr. Granillo's input, the Court cannot infer from the pleadings that Mr. Granillo is facing collateral consequences that would save the action from mootness. *Spencer*, 523 U.S. at 12.

I specifically warned Mr. Granillo that if he did "not provide an explanation [for why his petition was not moot], I [would] recommend that the Court dismiss his § 2254 petition." Doc. 17 at 2. Still, he opted not to respond. Now, I recommend that the Court dismiss the § 2254 petition without prejudice. I also recommend the Court deny a certificate of appealability because he has not "made a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(1)(A).

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). Written objections must be both timely and specific.** *United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Oklahoma*, **73 F.3d 1057, 1060 (10th Cir. 1996). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. Failure to file timely and specific objections will result in waiver of** *de novo* **review by a district or appellate court.** *Id.* **In other words, if no objections are filed, no appellate review will be allowed.**

_____
JENNIFER M. ROZZONI
United States Magistrate Judge

3